IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER BLERSCH, as Special Administrator of the Estate of RONQUALE M. DITELLO SCOTT, JR., deceased,<br><br>Plaintiff,<br><br>v.<br><br>RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, MEnD CORRECTIONAL CARE, PLLC, Sheriff's Deputies NICHOLAS CAPUTA, KEVIN TURKOWSKI, and MATTHEW AUMEND, Sheriff's Department Correctional Officers CHAD SCHILLER, BECKIE KNECHT, MATTHEW PERONE, ALONSO DAVALOS, MELISSA MORAN, and COURTNEY SAYER, RAISA HAMM, and RACINE COUNTY,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, HEATHER BLERSCH, as Special Administrator of the Estate of RONQUALE M. DITELLO SCOTT, JR., deceased, by and through her attorneys, and against the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, MEnD CORRECTIONAL CARE, PLLC, Racine County Sheriff's Deputies NICHOLAS CAPUTA, KEVIN TURKOWSKI, and MATTHEW AUMEND, Racine County Sheriff's Department Correctional Officers CHAD SCHILLER, BECKIE KNECHT, MATTHEW PERONE, ALONSO DAVALOS, MELISSA MORAN, and COURTNEY SAYER, registered nurse RAISA HAMM, and RACINE COUNTY, WISCONSIN, alleges as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331, § 1343, and § 1391(b); the Constitution of

1

the United States; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367.

2. Defendants are residents of the State of Wisconsin. The acts complained of in this complaint occurred in Racine, Wisconsin. Accordingly, venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391.

**PARTIES**

3. Decedent, Ronquale M. Ditello Scott, Jr. was at all material times a resident of the State of Wisconsin, of full age and an arrestee and pretrial detainee at Racine County Jail. As is described in greater detail below, Ditello Scott died of a fentanyl overdose while in the custody of the Racine County Jail due to the Defendants' failure to ensure he was provided adequate oversight, supervision, emergency medical care, and treatment that should have identified and treated the opioid overdose several hours before he died.

4. Plaintiff, HEATHER BLERSCH, is Ditello Scott's romantic partner and mother of one of his minor children, has been appointed Special Administrator of the Estate of Ditello Scott, and was issued letters of office on May 29, 2024, in the Walworth County, Wisconsin Circuit Court and therefore has standing to bring all Counts and Causes of Action stated herein.

5. Pursuant to Section 893.80(1), Wis. Stats., on August 11, 2021, notice was given to DEFENDANT RACINE COUNTY SHERRIFF'S DEPARMENT and RACINE COUNTY, and they have failed to respond to said notice.

6. Racine County Sheriff's Deputies NICHOLAS CAPUTA, KEVIN TURKOWSKI, and MATTHEW AUMEND, as well as Racine County Sheriff's Department Correctional Officers CHAD SCHILLER, BECKIE KNECHT, MATTHEW PERONE, ALONSO DAVALOS, MELISSA MORAN, and COURTNEY SAYER (hereinafter referred to collectively as

"DEFENDANT OFFICERS") were at all times relevant residents of the State of Wisconsin and hereto employed by and acting on behalf of the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and RACINE COUNTY. DEFENDANT OFFICERS are sued both individually and in their official capacities.

7. The RACINE COUNTY SHERIFF'S DEPARTMENT is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. THE RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and/or RACINE COUNTY are also responsible for the contracts for medical services provided to the pretrial detainees at Racine County Jail.

8. RACINE COUNTY SHERIFF'S DEPARTMENT is the principal law enforcement agency that serves RACINE COUNTY. It operates the RACINE COUNTY JAIL and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. RACINE COUNTY SHERIFF'S DEPARTMENT was given custody and charge of Ditello Scott and was responsible for Ditello Scott's protection as well as for the hiring, training, and supervision of all personnel, including those individuals contracted for medical services through MEnD CORRECTIONAL CARE, PLLC, necessary to operate and maintain the Racine County Jail.

9. SHERIFF CHRISTOPHER SCHMALING was at all times relevant herein the Sheriff of Racine County. As the duly elected Sheriff of Racine County, CHRISTOPHER SCHMALING operates in his official capacity at the Racine County Jail where he was given custody and charge of Ditello Scott and was responsible for Ditello Scott's protection as well as for the hiring, training, and supervision of all deputies and all personnel necessary to operate and

maintain the Racine County Jail. He is sued in his official capacity and individual capacity.

10. At all times material to this Complaint, the DEFENDANT OFFICERS and SHERIFF CHRISTOPHER SCHMALING were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the RACINE COUNTY SHERIFF'S DEPARTMENT and the State of Wisconsin. At all relevant times, the DEFFENDANT OFFICERS and SHERIFF CHRISTOPHER SCHMALING were acting under color of state law in their official capacities and in their individual capacities.

11. Defendant, MEnD CORRECTIONAL CARE, PLLC ("MEnD") is a Minnesota Corporation that at all times relevant, was contracted by the Racine County Sheriff to provide medical services for Racine County Jail pretrial detainees under the color of State Law. At all times material hereto, MEnD acted in concert with State actors, including the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and RACINE COUNTY by providing medical care to pretrial detainees at the RACINE COUNTY JAIL. As a result, MEnD, and its employees, including but not limited to registered nurse RAISA HAMM, acted under color of State law for purposes of 42 U.S.C. §1983.

12. RAISA HAMM is a resident of Wisconsin and at all times relevant was employed by MEnD, and was assigned to provide medical care and services to pretrial detainees at the Racine County Jail. RAISA HAMM is being sued in her individual capacity as well as official, employee/agent capacity, and was at all times relevant to this Complaint duly appointed and acting as the actual or apparent agent/official/employee of the Racine County Jail, acting under color of law, to wit, under color of the statues, ordinances, regulations, polices, customs and usages of the State of Wisconsin.

13. RACINE COUNTY owns, controls, and operates the RACINE COUNTY JAIL.

4

# FACTUAL SUMMARY

14. In the early morning hours of May 29, 2021, Ditello Scott was driving a motor vehicle. His vehicle was stopped at or around 3:00 a.m. by Defendant Racine County Sheriff's Department Deputy NICHOLAS CAPUTA on CTH K Road close to the intersection of Gunderson Road in Racine County, Wisconsin. NICHOLAS CAPUTA stopped Ditello Scott's vehicle after observing Ditello Scott driving his vehicle the wrong way in the opposite lane of travel.

15. Shortly thereafter, Defendant Racine County Sheriff's Department Deputies KEVIN TURKOWSKI (#10373) and MATTHEW AUMEND (# 10844) arrived on scene and took over the investigation.

16. Defendants KEVIN TURKOWSKI and MATTHEW AUMEND conducted field sobriety tests at the scene, which NICHOLAS CAPUTA also observed. Ditello Scott showed clear signs of impairment, including difficulty walking in a straight line, problems maintaining his balance, bloodshot eyes, and slow, halting speech, making it clear that he was impaired.

17. At the scene, Ditello Scott blew into a preliminary breath test ("PBT") which showed a reading of 0.00, indicative that Ditello Scott was not intoxicated by alcohol.

18. Defendants KEVIN TURKOWSKI, MATTHEW AUMEND, and NICHOLAS CAPUTA arrested Ditello Scott for operating a motor vehicle while intoxicated ("OWI").

19. Defendants KEVIN TURKOWSKI and MATTHEW AUMEND took Ditello Scott to Ascension Hospital for a blood test to be performed. During the drive to the hospital, Ditello Scott fell asleep while a form was being read to him, requiring that he be awakened to hear the rest of the reading of the form.

20. At the hospital, Ditello Scott's condition deteriorated. Ditello Scott was barely able to keep his eyes open and was speaking with slurred, halting speech.

21. Even though Ditello Scott was clearly severely impaired such that it was clear that he had overdosed on drugs, and in need of immediate medical attention and treatment, Defendants KEVIN TURKOWSKI and MATTHEW AUMEND did not request a medical examination by hospital staff while at the hospital. Instead, once the blood draw was completed by a hospital phlebotomist, Defendants KEVIN TURKOWSKI and MATTHEW AUMEND placed Ditello Scott back in their squad car. They transported Ditello Scott to the Racine County Jail located at 717 Wisconsin Avenue, Racine, Wisconsin.

22. Ditello Scott was booked at the Jail at around 4:20 a.m. Defendant Correctional Officer CHAD SCHILLER performed the Jail intake for Ditello Scott, speaking with him and taking a breath sample. CHAD SCHILLER noted that Ditello Scott fell asleep several times during the intake process. CHAD SCHILLER also observed that Ditello Scott had great difficulty putting on his jail clothes due to inability to maintain his balance. Ditello Scott also put on his jail shirt backwards, and it took 63 seconds for Ditello Scott to fumble with the shirt and correct its orientation.

23. CHAD SCHIILER requested the assistance of Defendant Correctional Officer BECKIE KNECHT during the body scan process, and BECKIE KNECHT was able to observe Ditello Scott's bizarre behavior. Ditello Scott also blew into another PBT device in CHAD SCHILLER and BECKIE KNECHT's presence, and the reading again showed 0.00, confirming Ditello Scott had not consumed alcohol.

24. On information and belief, Ditello Scott persisted in his severely intoxicated behavior, slurring his speech and barely keeping his eyes open, making clear that he required immediate medical care at a hospital.

25. Defendant registered nurse RAISA HAMM assisted in the intake process. She

created a medical staff narrative noting that Ditello Scott presented with red eyes and slurred speech, and she accordingly recommended that Ditello Scott be seen by medical staff for a chemical questionnaire. RAISA HAMM did not take any actions before Ditello Scott's death to ensure that he received the life-saving medical treatment that he required, including but not limited to requesting that Ditello Scott immediately be taken by ambulance to a hospital that was capable of addressing his opioid overdose.

26. Ditello Scott then interacted with Defendant Correctional Officer MATTHEW PERONE, who also on information and belief would have observed that Ditello Scott's behavior was abnormal, showed he was suffering from an opioid overdose, and required that he receive immediate emergency medical care.

27. At around 5:10 a.m., Ditello Scott was then taken to the Jail's Male Holding Cell 1 where he lied down on a floor mat in the corner of his cell.

28. At around 7:00 a.m., Defendant Correctional Officer ALONSO DAVALOS removed another inmate from Holding Cell 1. On information and belief, ALONSO DAVALOS observed that Ditello Scott was suffering from an opioid overdose that threatened his life and/or should have noticed that Ditello Scott was unresponsive, such that emergency medical care should have been provided.

29. On information and belief, none of the DEFFENDANT OFFICERS or RAISA HAMM checked on Ditello Scott's wellbeing for an hour or more, and furthermore, failed to make 15-minute checks of Ditello Scott's wellbeing.

30. Defendant Correctional Sergeant MELISSA MORAN was, on information and belief, responsible for ensuring that all Defendant correctional officers properly ensured that Ditello Scott's wellbeing was properly monitored and addressed.

7

Case 2:24-cv-00665-BHL   Filed 05/29/24   Page 7 of 16   Document 1

31. At around 8:09 a.m., Defendant Correctional Officer COURTNEY SAYER entered Holding Cell 1 and discovered that Ditello Scott was unresponsive. On information and belief, Defendant COURTNEY SAYER previously observed that Ditello Scott was suffering from an opioid overdose that threatened his life and/or should have noticed that Ditello Scott was unresponsive and needed emergency medical care.

32. Lifesaving efforts were unsuccessful and Ditello Scott died. He was pronounced dead at or sometime after 8:37 a.m.

33. A subsequent autopsy report opined that Ditello Scott died due to acute fentanyl toxicity, and the analysis also found evidence that Ditello Scott had recently consumed cocaine.

34. The RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and RACINE COUNTY knew that the DEFENDANT OFFICERS had not been given adequate training in the assessment and identification of opioid overdoses, and knew or should have known of a pattern and practice through its direct and/or indirect actions acquiesced and/or promoted such conduct when they knew or reasonably should have known was continuous and escalating.

35. As a direct and proximate result of one or more of the previously mentioned acts or omissions of the DEFENDANT OFFICERS, RAISA HAMM, MEnD CORRECTIONAL CARE, PLLC, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and RACINE COUNTY, Ditello Scott was caused to suffer conscious pain and suffering up until his death and additional damages, including wrongful death damages for the loss suffered by his heirs and next of kin.

36. On or about May 29, 2021, and at all times relevant, the DEFENDANT OFFICERS were on duty and were duly appointed officers for the RACINE COUNTY SHERIFF'S OFFICE.

The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought in both the official and individual capacity of DEFENDANT OFFICERS.

## COUNT I
### Due Process Claim Pursuant to 42 U.S.C. § 1983 Under the Fourteenth Amendment Against DEFENDANT OFFICERS and RAISA HAMM

37. The DEFENDANT OFFICERS and RAISA HAMM purposefully and/or knowingly failed to properly assess and monitor Ditello Scott's level of intoxication, medical status, and wellbeing, and further, purposefully and/or knowingly failed to provide or secure the emergency medical care that Ditello Scott required to prevent him from dying from an opioid overdose.

38. The above-described actions and inactions were objectively unreasonable because Ditello Scott presented with a patently dangerous level of intoxication based on the objective symptoms he exhibited, including but not limited to inability to speak, answer questions, stay awake, stand up straight, and to otherwise take care of himself, which made it obvious that he was suffering from a drug overdose.

39. The conduct of the DEFENDANT OFFICERS and RAISA HAMM constituted a deprivation of Ditello Scott's constitutionally protected rights, specifically, his Fourteenth Amendment Rights afforded by the United States Constitution, while acting under the color of the law of the State of Wisconsin.

40. The aforementioned actions of the DEFENDANT OFFICERS and RAISA HAMM were the direct and proximate cause in fact of the constitutional violations set forth herein.

41. The above stated actions violated Ditello Scott's established statutorily and constitutionally protected rights which a reasonable person would have known.

42. As a direct and proximate result of the DEFENDANT OFFICERS' and RAISA HAMM's actions, Ditello Scott suffered substantial pain, suffering and loss of his life.

43. At all times relevant, DEFENDANT OFFICERS and RAISA HAMM were acting under color of law.

WHEREFORE, Plaintiff demands compensatory damages from DEFENDANT OFFICERS and RAISA HAMM. Plaintiff demands judgment jointly and severally and further demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS and RAISA HAMM and any additional relief this Court deems equitable and just.

### COUNT II
### Indemnification Claims Against
### RACINE COUNTY SHERIFF'S DEPARTMENT,
### SHERIFF CHRISTOPHER SCHMALING, and RACINE COUNTY

44. In the event that any individual defendant is found liable for their actions performed in the course of their employment and/or agency with the RACINE COUNTY SHERIFF'S DEPARTMENT, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and/or RACINE COUNTY must indemnify such employee for this verdict pursuant to Wis. Stat. §895.46.

WHEREFORE, Plaintiff demands that the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and/or RACINE COUNTY pay any compensatory judgment against individual defendants who acted in the course of their employment and/or agency.

### COUNT III
### Monell Claims Against Defendants RACINE COUNTY SHERIFF'S DEPARTMENT,
### SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD

45. This count is brought pursuant to 42. U.S.C. §1983 and the Constitution of the United States.

46. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD had knowledge of a pattern and practice among the DEFENDANT OFFICERS and MEnD-employed medical staff such as RAISA HAMM to purposefully and/or knowingly ignore patent behaviors and/or symptoms that demonstrated that pretrial detainees were intoxicated such that they posed a risk of being harmed or dying from a drug overdose.

47. More generally, Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD had knowledge of a pattern and practice among the DEFENDANT OFFICERS and MEnD-employed medical staff such as RAISA HAMM to purposefully and/or knowingly fail to properly monitor the safety and health of pretrial detainees, and fail to call for an ambulance or otherwise seek emergency medical care when arrestees and pretrial detainee exhibited a patent, urgent healthcare issue such as a drug overdose.

48. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD, perpetuated, tolerated, and fostered the DEFENDANT OFFICERS and MEnD-employed medical staff such as RAISA HAMM to engage in the above-descried constitutional deprivations.

49. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and MEnD's acceptance of the pattern and practice among the DEFENDANT OFFICERS and MEnD-employed medical staff such as RAISA HAMM to engage in the above-descried constitutional deprivations during the arrest and detention of accused individuals created a practice, although not written or express municipal policy, was so widespread, permanent, and settled that it constituted a custom or usage within the RACINE

COUNTY SHERIFF'S DEPARTMENT's DEFENDANT OFFICERS and MEnD-employed medical staff such as RAISA HAMM.

50. The defendants' pattern and practice of failing to secure the constitutional rights of incarcerated individuals is further born out in other federal court litigation and publicly available news stories. See e.g., Perry v. Beltrami County, 19-cv-2580 (D. Minn.); see also Rudolph v. MEnD Correctional Care, PLLC, 18-cv-1020 (D. Minn.); Valiant v. Leonard, MD et al, 21-cv-72 (D. Minn.); and James v. Schmaling, 22-cv-00344 (E. Dist. Wis.).

51. The policy, practice, custom and/or procedure of Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD caused the violation of Ditello Scott's civil rights.

WHEREFORE, Plaintiff demands compensatory damages from Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD. Plaintiff demands judgment against all defendants and further demands punitive damages, costs, and attorney's fees and any additional relief this Court deems equitable and just.

### COUNT IV
### Failure to Train Claim Against
### Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD

52. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD, acted with deliberate indifference to the constitutional rights of Ditello Scott and other pretrial detainees due to their failure to properly supervise, instruct, and train the DEFENDANT OFFICERS and MEnD-employed medical staff such as RAISA HAMM in the identification and treatment of arrestees and pretrial detainees with serious health needs, and specifically, the identification

and treatment of arrestees and pretrial detainees who were suffering from an opioid overdose.

53. Defendants were acting under the color of law, acted with deliberate indifference to Ditello Scott's life, medical needs, and rights in violation of the Fourteenth Amendment to the United States Constitution.

54. Defendants subjected Ditello Scott to these deprivations of his constitutional rights purposefully and/or knowingly.

55. Ditello Scott died as direct and proximate result of RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD's actions.

WHEREFORE, Plaintiff demands compensatory damages from RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD. Plaintiff demands judgment against all defendants and further demands punitive damages, costs, and attorney's feesagainst the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, RACINE COUNTY, and MEnD, and any additional relief this Court deems equitable and just.

### COUNT V
### State Law Medical Indifference / Medical Negligence
### Claim Against RAISA HAMM and MEnD

56. At all times material herein, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and/or RACINE COUNTY contracted with MEnD to provide medical and mental health services to the pretrial detainees in its custody.

57. MEnD was and is solely owned by Dr. Leonard, a family practice physician, who is the President and Chief Medical Officer of MEnD

58. MEnD has advertised as providing "low cost" care to jails.

59. Rather than provide constitutionally protected oversight and care, MEnD attempts

to premise its medical treatment on self-created, standardized forms and risk assessments that have no basis in diagnostic or interventional medicine.

60. The sum of MEnD's business model is to save counties money through the appearance of medical care by using made-up forms, while providing constitutionally deficient medical care with constitutionally deficient oversight by qualified providers.

61. MEnD was deliberately indifferent to the serious medical needs of Ditello Scott, at the RACINE COUNTY JAIL, which resulted in his death.

62. MEnD's deliberate indifference to the serious medical needs of its inmates is further detailed in other federal civil rights litigation and publicly available news stories. See e.g., Perry v. Beltrami County, 19-cv-2580 (D. Minn.); see also Rudolph v. MEnD Correctional Care, PLLC, 18-cv-1020 (D. Minn.); Valiant v. Leonard, MD et al, 21-cv-72 (D. Minn.); and James v. Schmaling, 22-cv-00344 (E. Dist. Wis.).

63. Defendant RAISA HAMM was not properly trained by MEnD on the identification and treatment of opioid overdoses.

64. As a result, after she encountered Ditello Scott and observed the clear signs of opioid overdose, Defendant RAISA HAMM did not identify the opioid overdose and failed to immediately summon an ambulance to ensure that Ditello Scott received emergency treatment.

65. Due to RAISA HAMM's failure to identify Ditello Scott's opioid overdose signs and symptoms, RAISA HAMM failed to summon emergency medical care, leading to Ditello Scott's overdose death.

66. Defendant, RAISA HAMM, had a duty to provide for the safety and general wellbeing of Ditello Scott.

67. Defendant, RAISA HAMM acted under the color of law, and acted with deliberate indifference to Ditello Scott life-threatening medical needs.

68. Defendant, RAISA HAMM subjected Ditello Scott to the deprivation of his rights by acting with reckless disregard.

69. RAISA HAMM's acts and omission were a proximate cause of Ditello Scott's death.

WHEREFORE, Plaintiff demands compensatory damages from MEnD and RAISA HAMM. Plaintiff demands judgment against both defendants and further demands punitive damages, costs, and attorney's fees against the MEnD and any additional relief this Court deems equitable and just.

## COUNT VI
### State Law Malicious, Willful, and Intentional Claim Against DEFENDANT OFFICERS, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, and RACINE COUNTY

70. Through their collective acts and omissions described above in this Complaint, the DEFENDANT OFFICERS each individually acted maliciously, willfully, and intentionally by failing to properly assess and monitor Ditello Scott's level of intoxication, medical status, and wellbeing, and further, maliciously, willfully, and intentionally failing to provide or secure the emergency medical care that Ditello Scott required to prevent him from dying from an opioid overdose.

71. The foregoing DEFENDANT OFFICERS were working within the scope of their employment with the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, AND RACINE COUNTY, and those entities are thus liable for the DEFENDANT OFFICERS' illegal acts.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT

OFFICERS, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, AND RACINE COUNTY. Plaintiff demands judgment jointly and severally against the DEFENDANT OFFICERS, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, AND RACINE COUNTY, and any additional relief this Court deems equitable and just.

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully Submitted,

/s/ Jeffrey D. Naffziger
One of the Attorneys for Plaintiff

Jeffrey D. Naffziger
O'Connor Law Firm, Ltd.
100 S. Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 906-7609
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com
WIED Bar No. 6275581